FIGUEROA, APPELLANT, v. THE REGISTRAR OF PROPERTY,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property of
San Juan, Section 1.

No. 160.—Decided January 14, 1914.

DESCRIPTION OF PROPERTY—CURABLE DEFECT.—Article 9 of the Mortgage Law
in connection with article 63 of the Regulations for its execution requires
that all records of real estate shall set forth the boundaries of the property
by the four cardinal points, and it is not sufficient that the grantee alone
make said description, but it must be made by the grantor of his right so
as to show that the right acquired is the same as that granted, and such
an omission constitutes a curable defect.

DEED OF COMPROMISE—CONSIDERATION.—A contract of compromise by its nature
does not require juridical specification or amount of consideration, because
the consideration of the contract is well defined by the fact of the compro-
mise, and the mutual compensation is comprised in the different stipulations
agreed upon in the settlement.

The facts are stated in the opinion.

*Mr. Francisco Parra* for appellant.

Mr. José S. Belaval, the registrar, did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

By public document No. 185, executed before Notary M.
Alberto Salicrup, of Ponce, on September 30, 1904, by José
Ramón Figueroa y Lebrón and José Víctor Figueroa y Reyes,
the parties entered into a contract of compromise to settle the
differences and claims existing between them arising out of
the partition of the estate left by Carmen Reyes, deceased,
late wife of the former and mother of the latter, and also with
the object of terminating the action of unlawful detainer
brought by Figueroa Lebrón against Figueroa Reyes affect-
ing various properties, and for the recovery of amounts due
for rent. Among the conditions of the compromise agreed to
by both parties was one set out in clause 3 of the said docu-
ment which reads as follows:

"In the same spirit of compromise José Víctor Figueroa accepts
the settlement of the inheritance made extrajudicially by his father

and his brothers as joint heirs of the estate of Carmen Reyes, and he grants and renounces in favor of his sister, Rosa Figueroa y Reyes, the naked ownership belonging and allotted to him in said testamentary settlement in the property called 'El Reloj,' which is situated in Santurce of the municipal district of the capital of this Island.''

By a subsequent instrument of September 10 of last year, executed in Ponce before Notary Francisco Parra Capó under No. 73, Rosa Figueroa y Reyes and her husband, Luis de la Cruz y Santiago, accepted the grant made in the former instrument by José Víctor Figueroa Reyes of his share of the property called ''El Reloj,'' which was recorded in the name of the grantor in the registry of property, the property so acquired being paraphernal property because Rosa Figueroa y Reyes was single at the time of the settlement.

Copies of the two instruments of settlement and acceptance referred to having been presented in the Registry of Property of San Juan, Section 1, for record in the name of Rosa Figueroa Reyes of the part ownership of the property called ''El Reloj'' acquired from José Víctor Figueroa Reyes, the registrar admitted the same to record in the following terms:

''In consideration of a deed of acceptance executed on September 10 last before Notary Francisco Parra Capó, of Ponce, the foregoing document is recorded as to an interest in the property 'El Reloj,' on folio 100, volume 12, of South Santurce, estate No. 1824, quintuplicate, entry 16*a,* with the curable defects that the property is not described in this deed of compromise, and although it is described in the deed of acceptance, the grantor, José Víctor Figueroa, is not a party thereto; and that clause 3 of the said deed of compromise is vague and obscure because it does not state clearly whether there was any consideration for the grant and renunciation, and, if so, what it was, or whether it is included in the compensation given by José Ramón Figueroa and for what reason. San Juan, Porto Rico, October 1, 1913. The Registrar, José S. Belaval.''

This decision was appealed from to this court by Rosa Figueroa y Reyes as to the part relating to the curable de-

fects therein set forth, and such is the appeal submitted to us for consideration and decision.

It appears from a certificate issued by the respondent registrar in compliance with an order of this court which desired to obtain full knowledge of the case, that the property called "El Reloj," situated in the ward of Santurce of this city, with a total area of 37 hectares, 92 ares, 27.81 centiares, equivalent to 96 *cuerdas* (acres) and 2,732 square yards, with a house 19 meters and 26 centimeters by 12 meters and 20 centimeters fronting on the central highway, is recorded in the said registry under the same boundaries on the north, south, east and west, as are given in entry No. 1 of said property No. 1824, quadruplicate.

The said registrar also testified that the property called "El Reloj," situated in the ward of Santurce of this city, the record of which appears under entry No. 1 and is similar in part to the description given in one of the documents presented to him wherein the south, east and west boundaries are omitted, was valued at $14,000 in the partition of the estate of Carmen Reyes y Arroyo made on June 20, 1904, and that in said partition an interest for the sum of $1,199.66 in the naked ownership of said property was allotted to each of the heirs named Angel, Casimiro, José Víctor and Rosa Figueroa y Reyes, the legal usufruct in the said property being reserved to the surviving spouse, Figueroa y Lebrón. These shares were recorded in the registry of property with the curable defect that the south, east and west boundaries of the said property were omitted from the deed of partition and it does not appear that said defect had been corrected.

It cannot be alleged that the said defect is cured by the deed of acceptance of September 13, 1913, for although the northern boundary of the property called "El Reloj" is stated therein, showing the same area as set forth in its first inscription, the boundaries on the south, east and west were omitted, and this was held to be a curable defect in making the entry of the part ownership interests in said property in favor of

José Víctor Figueroa y Reyes and his brothers. That defect must affect successive records concerning the said property until corrected.

For the foregoing reason, namely, the failure to describe in the deed of compromise of September 30, 1904, the property called "El Reloj," in which José Víctor Figueroa had acquired an undivided share by inheritance, as well as because said defect was not corrected in the deed of acceptance of the grant of September 10 of last year with the intervention of the grantor, José Víctor Figueroa, the decision appealed from is in accordance with law as to the first curable defect therein set forth.

Article 9 of the Mortgage Law provides that every record shall set forth the boundaries of the realty which is the subject of record or which is affected by the right to be recorded, and section 63 of the Regulations for the execution of the Mortgage Law provides that the boundaries shall be determined according to the four cardinal points.

The description of boundaries made by one of the parties to a contract without the intervention of the other cannot bind the latter. It is not sufficient, as claimed by the appellant, that the grantee alone may make said description, but it must be made by the person from whom he derives his right so as to show that the right acquired is the same as that granted.

In regard to the second defect set forth as curable, *i. e.,* that the third clause which is quoted above from the deed of compromise is vague and obscure, upon an examination of the said clause in relation to the other clauses of the deed we find that the parties thereto, in order to avoid litigation by reason of the partition of the estate of Carmen Reyes and in order to terminate an action of unlawful detainer brought by Figueroa Lebrón against Figueroa Reyes, reached an amicable settlement by means of certain conditions mutually imposed, among which was one that José Víctor Figueroa y Reyes granted to his sister of the same surname a part owner-

ship interest in the property called "El Reloj" of the estate of Carmen Reyes, their mother, which was allotted to him in the partition.  The contract contains all the necessary elements required by section 1171 of our code.  The consideration of the contract is well defined by the simple fact of the compromise and the mutual compensation is comprised in the different stipulations agreed upon in the settlement.  One of those stipulations was that contained in the third clause. The contract of compromise by its nature does not require juridical specification or amount of consideration, neither was it required by the grant of Víctor Figueroa Reyes to his sister, it being an integral part of said compromise and not a conveyance independent thereof.

Therefore, the second curable defect stated in the decision appealed from does not exist.

The decision of the Registrar of Property of San Juan, Section 1, should be affirmed as to the first curable defect therein set forth and reversed as to the second, which does not exist.

> *Affirmed as to first curable defect and reversed as to second.*

Justices Wolf, del Toro and Aldrey concurred.